UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERRY ROGERS                                CIVIL ACTION

VERSUS                                      NO: 09-4141

RESOLVE MARINE                              SECTION: "J" (2)

**ORDER**

Before the Court is Defendant's Motion to Transfer Case (Rec. D. 17). Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's Motion is **DENIED.**

**BACKGROUND**

The Plaintiff, Jerry Rogers, filed this maritime personal injury suit on June 17, 2009. The Defendant filed an answer on July 22, 2009. The complaint alleges that while serving as a diesel mechanic, Plaintiff slipped on a stairwell and was injured. The accident took place on February 29, 2008 aboard the M/V LEWIS M in the Gulf of Mexico.

Defendant has subsequently filed a motion to transfer.

**LAW AND ANALYSIS**

Defendant argues that this case should be transferred to the Northern District of Florida. Defendant argues that the only connection to the Eastern District of Louisiana is that Plaintiff's attorney is located here.

Change of venue motions are guided by 28 U.S.C. § 1404(a) which allows courts to transfer cases for the convenience of the parties involved. Defendant concedes that the party requesting the transfer bears the burden of showing that the transfer is more convenient. See Peteet v. Dow Chemicals Co., 868 F. 2d 1428, 1436 (5th Cir. 1989). The decision, according to Defendant, rests within the Court's discretion. Jarvis Christian College v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1998).

Defendant argues that the appropriate legal analysis to determine the appropriateness of a transfer is set forth in Syndicate 420 at Lloyd's London v. Early Am. Ins., Co., 796 F. 2d 821 (5th Cir. 1986). This analysis includes consideration of both private and public factors.

The private factors include:(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Id. At 831.

The public factors include:(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. Id.

Defendant further outlines some of the more specific factors for consideration. These include: the availability of witnesses and parties, the location of the alleged wrong, the cost of obtaining witnesses and other trial expenses, the location of pertinent records, and Plaintiff's choice of forum. Jackson v. Cooper Marine and Timberland Corp. 2005 WL 1432370 (E.D.La 2005)

Defendant argues that all but one of these factors weigh in favor of transferring the case.

Defendant first argues that the vast majority of the witnesses likely to be called at trial and the parties involved in the case reside in Florida. The defense further contends that no parties, likely fact witnesses, or treating physicians/experts reside in this district. Similarly, the Defendant notes that the expense of transporting witnesses to its proposed venue are significantly less than the cost of transporting them to New Orleans.

Defendant further argues that the Court should weigh heavily

the fact that the alleged accident took place on a voyage from Alabama to Florida just outside of Port St. Joe in Florida. Unlike Florida, Defendant argues that there is no direct connection to the Port of New Orleans or the Eastern District of Louisiana.

Defendant notes that the location of its records is not a paramount issue in the case but avers that its records are located outside of this district.

Defendant does concede that Plaintiff's preference is for this district and that this preference should carry some weight.

Thus, argues Defendant, the bulk of the private factors weigh in favor of the transfer.

The public factors also weigh heavily in favor of a transfer, argues Defendant. Most of the public factors in the test do not apply. However, Defendant argues that the Court should consider that the resolution of this case impacts a Florida resident and a company which is headquartered in Florida.

In opposition, Plaintiff alleges that a representative of the Defendant, its claims adjuster, consented to the lawsuit being filed in this district and that he relied on this consent when deciding where to file.[1]

---

[1] In reply, Defendant denies that the adjuster in question had the requisite authority to submit to jurisdiction nor did he waive any objection to the choice of venue.

The Plaintiff also argues that his choice of forum should be given a good deal of deference. The other factors, argues Plaintiff, are not substantial enough concerns to warrant a transfer.

Firstly, Plaintiff argues that since the Defendant controls all of its fact witnesses (who are employees of the Defendant)the alleged inconvenience is mitigated. In support of this, Plaintiff cites <u>Carpenter v. Parker Drilling Offshore USA, Inc.</u> in which the Court found that this type of control mitigates any inconvenience alleged by Defendant. 2005 US Dist. Lexis 11979 at *2 (E.D.La. 2005).

The medical witnesses, according to Plaintiff are scattered around the Southeast. Therefore, argues Plaintiff, they should not weigh in the balance of factors consideration fo the transfer.

The location of the accident is also irrelevant according to Plaintiff. Rogers argues that since it happened aboard a vessel in the Gulf of Mexico there is no specific legal jurisdiction which is more appropriate than another.

Finally, Plaintiff argues that the public factors weigh in favor of not transferring the case because: there are no administrative considerations in either district; the case will not be tried with a jury so concerns about their appropriateness as peers should not be considered; the accident happened in the

Gulf of Mexico so no locality has a particular interest in it; and the case is guided by general maritime law so local or state law is not implicated.

Change of venue in admiralty cases, like ordinary civil cases, is governed by § 1404(a). See Continental Grain Co. v. The FBL - 585, 364 U.S. 19, 26-27(1960). Under 1404(a), "[f]or the convenience of parties, witnesses and in the interest of justice," courts may transfer an action "to any other district or division where it might have been brought."[2] In determining whether the transfer is proper under 28 U.S.C. § 1404(a), most courts have used the factors laid out in Gulf Oil Corp. v. Gilbert, 330 U.S. 505, 508 (1947). These factors include both "private interest" and "public interest". Gulf Oil Corp. v. Gilbert, 330 U.S. 505, 508 (1947). The private interest factors are: (1) "the relative ease of access to sources of proof;" (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;" (3) "possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive."

The public interest factors to be considered are: (1) the

---

[2] A district where a lawsuit "might have been brought" is one in which the court would have had subject matter jurisdiction, the Defendants would have been subject to personal jurisdiction, and venue would have been proper. Hoffman v. Blaski, 363 U.S. 335 (1960).

6

administrative difficulties created by court congestion; (2) the "local interest in having localized controversies decided at home;" (3) the interest in "having the trial of a diversity case in a forum that is at home with the state law that must govern the case;" (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law. Id. at 509. As an additional public interest factor, courts consider judicial economy – that is, whether a transfer would avoid duplicative litigation and prevent waste of time and money. Van Dusen v. Barrack, 376 U.S. 612, 616(1964). Finally, "while neither conclusive nor determinative," in this circuit "the Plaintiff's choice of forum is clearly a factor to be considered." In re Horseshoe Entertainment, 337 F. 3d 429, 234-5 (5th Cir. 2003).

When ruling on a § 1404(a) motion to transfer, the Court is not limited to the above factors but must instead engage in a case-by-case consideration of convenience and fairness. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The burden of proof in a motion to transfer is on the moving party. See Karim v. Finch Shopping Co., Ltd., 94 F.Supp.2d 727 (E.D.La. 2000); Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966). The Plaintiff's privilege of choosing venue places the burden on the Defendant to demonstrate why the forum should be changed.

Unless the balance of factors strongly favors the moving party, the Plaintiff's choice of forum generally should not be disturbed. Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir.), *cert. denied*, 493 U.S. 935 (1989).

The public factors are largely irrelevant to this case. This is an admiralty case involving federal, not state, laws. The accident occurred aboard a vessel underway in the Gulf of Mexico. The trial of this case will not cause any administrative difficulties or congestion in this Court.

The private facts weigh in both directions. The Court places weight on the Plaintiff's expressed preference to have the case adjudicated in this venue.

Defendant points out that both parties are from the Northern District of Florida and that many of the fact witnesses reside there as well. However, most of the witnesses are employed by Defendant and work on seagoing vessels. Therefore, any alleged inconvenience to travel to New Orleans is mitigated.

Both parties admit that the medical professionals are not centered around one venue and thus their location does not weigh heavily in favor of either party's position.

Furthermore, Defendant has not submitted any affidavit or other evidence supporting its position with respect to the convenience of the witnesses. Since many of the alleged witnesses work on vessels, there is a likelihood that much of the

testimony will necessarily be by deposition in any event. "Allegations of hardship unsupported by particulars by way of proof or affidavit cannot be accorded much weight in balancing conveniences. <u>Fla. Marine Transporters, Inc. v. Lawson & Lawson Towing Co.</u>, 2001 U.S. Dist. LEXIS 14312 (E.D. La. Aug. 29, 2001)(citation omitted). <u>See</u> <u>also</u> Antley v. Aries Marine Corp., 2001 U.S. Dist. LEXIS 124 (E.D. La. Jan. 2, 2001) (denying motion to transfer for lack of evidence as to where witnesses reside). Other than generalized averments in its memorandum, Defendant has not produced evidence of the names or locations of potential witnesses, or the substance and importance of their testimony.

In essence the factors seem to weigh relatively evenly. Since, the party requesting the transfer bears the burden of showing that the transfer is more convenient, the factors must weigh in favor of Defendant to warrant a transfer. <u>See</u> <u>Peteet.</u> at 1426. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Transfer is **DENIED**.

New Orleans, Louisiana, this 9th day of October, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE